IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv18

| | | |
|---|---|---|
| CATHERINE ANN CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OLUFEMI ABIOLA BABALOLA, | ) | |
| MEDWEST HEALTH SYSTEMS, INC., | ) | |
| f/k/a HARRIS REGIONAL HOSPITAL, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff's Motion to Determine Expert Witness Fees [# 20]. This is a medical malpractice action brought by Plaintiff against Defendants Oluffemi Babalola and Medwest Health Systems, Inc. Plaintiff contends that the fees sought by Defendant Babalola's two experts, Dr. Michael Wingate and Dr. William Meyer, are excessive and unreasonable. Specifically, Plaintiff contends that the $3200 flat fee for up to six hours charged by Dr. Wingate and the $1,500.00 for the first hour and $1,200.00 per hour thereafter charged by Dr. Meyer are unreasonable under Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure. The Court **GRANTS** the Plaintiff's motion [# 20].

I. Analysis

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court must require that the party seeking to depose the opposing side's expert whose opinions may be presented at trial, to pay the expert's "reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(E). The rule is straightforward, "a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination." 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2034 (3d ed. 2010). It is up to the Court, however, to determine what is a reasonable fee. Id.; see also Fiber Optic Designs, Inc. v. New England Pottery, LLC, 262 F.R.D. 586, 589 (D. Colo. 2009). Courts have set forth a number of factors to aid in the determination as to whether an expert witness fee is reasonable. See id.; Massasoit v. Carter, 227 F.R.D. 264, 265 (M.D.N.C. 2006). "Ultimately, the burden of proving the reasonableness of an expert's fees lies with the party seeking reimbursement." Fiber Optic, 262 F.R.D. at 589.

The Court finds that Defendant Babalola has failed to demonstrate that the fees sought by his experts are reasonable. As a threshold matter, Defendant Babalola has not cited the Court to a single opinion allowing a similar fee

arrangement as the one requested by Dr. Wingate and has presented the Court with little more than conclusory statements in its response that the requested flat rate is reasonable. Defendant Babalola has not presented the Court with any evidence that comparable experts charge similar flat rates to the $3200 requested. In fact, Courts examining the reasonableness of a flat fee such as the one requested by Dr. Wingate, have held that such a fee is unreasonable. See Massasoit, 227 F.R.D. at 267; Burgess v. Fischer, No. 3:10cv24, 2012 WL 1031433, at *1 (S.D. Ohio Mar. 27, 2012); Norman v. City of Lorain, Ohio, No. 1:04cv913, 2006 WL 5249724, at *6 (N.D. Ohio Nov. 16, 2006). Although this Court is unwilling to say that a flat fee is presumptively unreasonable, Defendant Babalola has failed to demonstrate that such a fee is reasonable in this case. The Court finds that a reasonable deposition fee for Dr. Wingate is $450.00 per hour.

Similarly, Defendant Babalola has failed to demonstrate that Dr. Meyer's fee of $1500.00 for the first hour and $1200.00 for every hour thereafter is reasonable. Defendant Babalola has not provided the Court with any evidence showing that comparable experts charge a similar amount or other evidence supporting such a large fee. Moreover, Defendant Babalola has not cited the Court to a single case where a court has allowed fees in the range of $1500.00 for similar testimony. In fact, the limited evidence before the Court supports a finding that the requested fee

is excessive and unreasonable. The Court finds that a reasonable deposition fee for Dr. Meyers is $500.00 per hour.

## II. Conclusion

The Court **GRANTS** Plaintiff's Motion to Determine Expert Witness Fees [# 20]. The Court finds that the flat fee proposed by Dr. Wingate and the rate proposed by Dr. Meyer are unreasonable. The Court further finds that a reasonable fee for the deposition of Dr. Wingate is $450.00 per hour and a reasonable fee for the deposition of Dr. Meyer is $500.00 per hour.

Signed: April 5, 2012

Dennis L. Howell
United States Magistrate Judge