# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11cv18

| | |
|---|---|
| CATHERINE ANN CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| OLUFEMI ABIOLA BABALOLA, ) | |
| MEDWEST HEALTH SYSTEMS, INC., ) | |
| f/k/a HARRIS REGIONAL HOSPITAL, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court are the Motion to Dismiss for Lack of Jurisdiction [# 22] filed by Defendant Olufemi Babalola, the Motion to Dismiss for Lack of Jurisdiction [# 25] and Motion to Dismiss for Improper Service [# 31] filed by Defendant Medwest Health Systems, Inc. ("Medwest"), and the Motion to Dismiss Defendant Medwest filed by Plaintiff [# 37]. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 37] and **DENY as moot** the remaining motions [# 22, # 25 & # 31].

## I. Background

Plaintiff, who is a citizen of North Carolina, brought this action against Defendant Babalola, who is a citizen of Georgia, for medical malpractice.

Subsequently, Plaintiff filed an Amended Complaint adding Defendant Medwest as a party to the action and asserting a claim of negligence against Defendant Medwest. Defendant Medwest, however, is a North Carolina corporation. Defendants then moved to dismiss the Amended Complaint for lack of jurisdiction, arguing that the addition of Medwest as a defendant in this action defeated the Court's diversity jurisdiction. In addition, Defendant Medwest filed a second Motion to Dismiss arguing that Plaintiff failed to perfect service on it as required. In response to Defendant Medwest's second Motion to Dismsis, Plaintiff conceded that it failed to properly serve Defendant Medwest.

Plaintiff then filed a Motion to Dismiss requesting that the Court dismiss Defendant Medwest as a party pursuant to Rule 21 because it failed to properly serve Defendant Medwest, and Defendant Medwest is not an indispensable party to this action. Defendant Medwest consents to Plaintiff's motion.

**II.    Analysis**

Rule 21 of the Federal Rules of Civil Procedure provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The application of Rule 21 is not limited to cases where a party was technically misjoined. 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1682 (3d ed. 2001). Pursuant to Rule 21,

this Court may dismiss a nondiverse party in order to preserve diversity jurisdiction. Id.; see also Newman-Green, Inc. V. Alfonzo-Larrain, 490 U.S. 826, 833, 109 S. Ct. 2218 (1989); Martinez v. Duke Energy Corp., 130 F. App'x 629, 636-37 (4th Cir. 2005) (unpublished). Moreover, Defendant Medwest is not an indispensable party under Rule 19. See Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 692 n.23 (4th Cir. 1978) (explaining that Rule 19 supplies the definition for indispensable in the context of Rule 21). There is no question that Plaintiff could maintain an action against Defendant Babalola for medical malpractice, as asserted in the original Complaint, without naming Defendant Medwest as a defendant. Moreover, dismissing Medwest will not prejudice Defendant Babalola as he will be in the exact same position he was in when the Complaint was originally filed. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 37] and **DISMISS** Defendant Medwest as a party to this dispute.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 37] and **DISMISS** Defendant Medwest Health Systems, Inc. f/k/a Harris Regional Hospital, Inc. as a party to this action. The Court **RECOMMENDS** that the District Court **DENY as moot** the remaining motions

[# 22, # 25 & # 31].

Signed: April 6, 2012

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).